UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LOUIS HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:24-CV-00297-PLC |
| | ) |
| SHANE MONNIG, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of an amended complaint filed by Christopher Louis Harper, a prisoner who is proceeding pro se and in forma pauperis. For the reasons explained below, the Court will partially dismiss the amended complaint, and stay Plaintiff's Fourth Amendment claims against Defendants Shane Monnig and Timothy Baker pursuant to the principles dictated in *Wallace v. Kato*, 549 U.S. 384 (2007).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a

plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### Pending State Criminal Proceedings

The following information is relevant to the claims Plaintiff asserts in the amended complaint.  According to public records published on Missouri Case.net, Plaintiff is facing charges of First-Degree Murder, Armed Criminal Action, First-Degree Burglary, and First-Degree Assault in the matter *State v. Christopher L. Harper,* No. 2311-CR01903-01 (11th Jud. Cir. 2023).  According to the May 23, 2023 Probable Cause Statement filed by Detective

Graham Murphy of the St. Peters Police Department, the charges stem from a May 22, 2023 shooting at a residence. One person was killed, and two people – one of whom was a child – were injured. At present, Plaintiff is represented by counsel, and the State is represented by Assistant Prosecuting Attorney Jane Darst and other counsel. Bond has been set at $850,000, and a jury trial is scheduled to begin on October 15, 2024. This Court takes judicial notice of the foregoing public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007).

### The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the same twenty Defendants named in the original complaint. The Defendants are: Assistant Prosecuting Attorney Darst; St. Charles County residents Michelle Vaughn, David Vaughn, and Sarah Beth Gosejohan; the Mount Carmel Senior Living Facility (also "Mount Carmel"); and Mount Carmel employees Shirley May Farajat and Hanna Rowland. Also named as Defendants are the following 13 law enforcement officers: Shane Monnig (Maryland Heights Police Department); Timothy Baker and Adam Lemmonds (Wentzville Police Department); Wesley Lohmeyer (O'Fallon Police Department); Graham Murphy, Andrew Linn and David Beckman (St. Peters Police Department); Phillip Henry, Jordan Exum, and Aaron Curl (St. Charles City Police Department); Erin Doherty (Lincoln County Sheriff's Office); and Daniel James and Kevin Mountain (St. Charles County Police Department).

Plaintiff sues Mount Carmel, Farajat, and Rowland in their official and individual capacities. He sues the remaining Defendants in their individual capacities. It is clear that Plaintiff seeks damages from all of the Defendants based on their alleged misconduct in conjunction with *State v. Harper*. The Court addresses Plaintiff's claims against the various Defendants in turn.

3

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. **Mount Carmel Senior Living Facility, Shirley May Farajat, Hannah Rowland, Sarah Beth Gosejohan, Michelle Vaughn, and David Vaughn**

Plaintiff identifies his claims against Mount Carmel as "failure to Train: Negligent Supervision," "Impeding in a Major Investigation," and "False Identification." (ECF No. 10 at 25). In support, he claims Mount Carmel employed caregivers Farajat and Rowland, who "made false identifications and false statements" to police. *Id.*

Plaintiff claims Farajat made a false identification and falsely told police she knew the person responsible for killing "Darin G." *Id.* at 26. Plaintiff claims Rowland made a false identification and impeded an investigation when she told police she saw Plaintiff on the news, and recognized him. Plaintiff claims Gosejohan conspired with police and made false statements to them. Plaintiff claims Michelle and David Vaughn maliciously gave false information when they gave documents, video clips, and a thumb drive to police "with their personal notes to context of their opinions labeled on and with the evidence that will be used" in court and will influence the prosecutor and jury. *Id.* at 22.

The amended complaint does not identify these Defendants as state actors. To ascertain whether a private party can be considered a state actor, courts examine the record to determine whether the conduct at issue is "fairly attributable to the state." *Montano v. Hedgepeth,* 120 F.3d

4

844, 848–849 (8th Cir.1997) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). "A private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents.'" *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (quoting *Lugar*, 457 U.S. at 941).

Plaintiff's amended complaint contains few facts, but his allegations make it clear that Farajat, Rowland, Gosejohan, and Michelle and David Vaughn were private citizens who spoke to the police and/or gave information. Plaintiff alleges nothing permitting the inference that any of these Defendants was cloaked with the authority of state law, willfully participated in joint activity with police, or had a mutual understanding with any government official that could have transformed them into state actors.

The fact that Farajat, Rowland, Gosejohan, and Michelle and David Vaughn responded to questions from police, and/or gave statements or other information to police, does not convert them into state actors. *See id.* ("[T]he mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute joint activity with state officials."); *Wickersham,* 481 F.3d at 598 ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."); *Walker v. Ware*, No. 5:19-CV-05189, 2021 WL 256810, at *2 (W.D. Ark. Jan. 25, 2021) ("A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law."). Additionally, Mount Carmel is not converted into a state actor because it employed Farajat and Rowland. Plaintiff is therefore missing an essential element of a § 1983 claim against these Defendants. *See West*, 487 U.S. at 48. The Court finds that the amended complaint fails to state a claim upon which

5

relief may be granted against these Defendants, and will dismiss them from this action.

**2.      Jane Darst**

Plaintiff identifies his claims against Darst as "Malicious Prosecution" and "Civil Conspiracy." (ECF No. 10 at 28). In support, Plaintiff writes:

> On Nov. 17, 2023 Plaintiff mailed an Exhaustion of Remedy letter to Defendant via mail service. Plaintiff was confirming to Defendant her awareness of the false statements in every Probable Cause, Affidavit and Reports from the Officers. Defendant has made no attempt to correct any of the falsehoods as Plaintiff is being prosecuted knowingly aware of all the false information. Personally causing injury, emotional distress, deprivation of Liberty and further incarceration.

*Id.* (The text is quoted verbatim without correction of errors). Plaintiff also alleges that Darst is "recklessly and knowingly pursuing prosecution" of him without correcting "any false or misleading statements," and is "Conspiring with officers to prosecute" him with "false statements and tainted evidence, and withholding valuable evidence." *Id.* Plaintiff does not identify the subject of the allegedly false statements, or explain why he believes they were false.

Plaintiff's bare assertions and conclusory allegations against Darst are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 680-81. Even if they were, Plaintiff clearly seeks damages from Darst based on actions she took while initiating and pursuing a criminal prosecution of him. Absolute immunity protects prosecutors against claims arising from their initiation and pursuit of a prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of*

*Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Plaintiff's claims against Darst will therefore be dismissed.

### 3. Law enforcement officers Shane Monnig and Timothy Baker

Plaintiff alleges that Monnig arrested him without a warrant or probable cause, and conducted two warrantless searches of his apartment without his consent. Plaintiff alleges that Baker "personally assisted" in arresting him without a warrant or probable cause, and conducted a warrantless search of his vehicle without his consent. (ECF No. 10 at 11). While Plaintiff's allegations are not a model of pleading such claims, they can be liberally construed to state plausible Fourth Amendment claims against Monnig and Baker in their individual capacities. The Court will therefore not dismiss these claims at this time.

However, the Court will stay this case as to these claims until the resolution of Plaintiff's state court criminal proceedings. In *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." The Court instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Here, Plaintiff's claims of unlawful arrest and unlawful searches are based on the same set of facts and circumstances that led to his indictment in the above-described state criminal case, and relate to rulings that will likely be made in those pending proceedings and in the anticipated trial. The principles of *Wallace v. Kato* dictate that further consideration of these claims should be stayed until resolution of the state proceedings related to *State v. Harper*. The Court will therefore stay and administratively close this case. Plaintiff may move to reopen the case after the final disposition of the state proceedings related to *State v. Harper*.

Plaintiff also alleges, in conclusory fashion, that Monnig conspired with other officers to stop him, and conspired with other officers to provide false information to the prosecutor. Plaintiff's conclusory allegations do not state a plausible § 1983 conspiracy claim. In the prior Memorandum and Order giving Plaintiff leave to file an amended complaint, the Court specifically instructed him to allege facts in support of his claims against each named defendant. *See* (ECF No. 9). However, the amended complaint does not plead facts sufficient to support the conclusion that Monnig and any other person reached an agreement to deprive him of constitutionally-guaranteed rights, as necessary to show a meeting of the minds among the alleged conspirators. *See Burton v. St. Louis Bd. of Police Com'rs.*, 731 F.3d 784, 798 (8th Cir. 2013) (describing the elements of a § 1983 conspiracy claim). The Court will not now assume facts Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15. The Court therefore concludes that Plaintiff has failed to state a plausible conspiracy claim against Monnig.

**4.    Law enforcement officers Adam Lemmonds, Wesley Lohmeyer, Graham Murphy, Andrew Linn, Phillip Henry, Jordan Exum, Erin Doherty, Daniel James, David Beckman, Kevin Mountain, and Aaron Curl**

Despite the Court's prior instructions, Plaintiff's allegations against these 11 Defendants are vague and conclusory. Based on the nature of his allegations, it appears Plaintiff named them

in order to bring into this lawsuit every law enforcement officer he encountered after the events of May 22, 2023, rather than to vindicate actual violations of his federally-protected rights. Briefly, Plaintiff alleges as follows.

Lemmonds "conspired with other officers with the arrest and search of vehicle without warrant or consent;" Lohmeyer "conspire[ed] with other officers to violate rights" and "recklessly" falsified documents and gave them to a prosecutor; Murphy provided false information in the probable cause statement and arrest warrant; Linn "applied for search warrants containing false information" and conspired with other officers to falsify documents and illegally seized and kept Plaintiff's vehicle; Henry and "two other black SUVs of officers" followed Plaintiff and conspired to stop and speak to him and arrest him and provided false information to the prosecutor; Exum conspired with other officers to stop him under the guise of attempting to speak with him; Doherty had Plaintiff "illegally" brought to a booking area to obtain buccal swabs and photos and conspired with other officers to illegally search him; James conspired with other named officers to illegally obtain buccal swabs, photos, and fingerprints; Beckman conspired with Monnig in his application for a search warrant that contained false information; Mountain made false statements in a report of data from Plaintiff's cell phone and conspired with Murphy by saying his conclusion was based on information given to him; and Curl failed to correct false statements of "reporting officers" and conspired with them by not correcting false statements. (ECF No. 10 at 12-21, 24).

Plaintiff's allegations against these Defendants are too generalized and conclusory to state any plausible § 1983 claims. In an attempt to plead conspiracy claims, Plaintiff simply identifies a Defendant and states that he or she conspired with other Defendants, who for the most part are unidentified. Plaintiff wholly fails to allege facts permitting the inference that any

9

of these Defendants "reached an agreement to deprive [him] of constitutionally guaranteed rights." *Burton,* 731 F.3d at 798. Plaintiff also states in conclusory fashion that some Defendants falsified documents or information, made false statements, and/or failed to correct false information. However, Plaintiff makes no attempt to identify the information or explain why it was false. Plaintiff also alleges that some of these Defendants "illegally" caused him to undergo buccal swabs and fingerprinting, but alleges no facts explaining why the Defendants' actions were illegal.

Plaintiff's conclusory statements that Defendants engaged in conspiracy, falsified evidence and documents, and engaged in illegal acts are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678-79. In its prior Memorandum and Order, the Court specifically instructed Plaintiff that he must allege facts in support of his claims against each named defendant. *See* (ECF No. 9). The Court will not supply additional facts for Plaintiff, or assume facts he has not alleged. *See Stone*, 364 F.3d at 914-15. The Court finds that Plaintiff's allegations against these Defendants fail to state a claim upon which relief may be granted, and will dismiss these Defendants from this action without extended discussion.

For the same reasons that the Court dismisses all of the Defendants and claims identified above, the Court finds there would be no non-frivolous basis to argue that Plaintiff's allegations stated plausible § 1983 claims. The Court will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Mount Carmel Senior Living Facility, Shirley May Farajat, Hannah Rowland, Sarah Beth Gosejohan, Michelle Vaughn, David Vaughn, Jane Darst, Adam Lemmonds, Wesley Lohmeyer, Graham Murphy, Andrew Linn, Phillip Henry,

Jordan Exum, Erin Doherty, Daniel James, David Beckman, Kevin Mountain, and Aaron Curl are **DISMISSED** from this action, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 conspiracy claims against Defendant Shane Monnig are **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that any state law claims related to those being dismissed for failure to state a claim are **DISMISSED** pursuant to 28 U.S.C. § 1367(c).

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity Fourth Amendment claims against Defendants Shane Monnig and Timothy Baker are **STAYED** pending final disposition of the Missouri state proceedings against Plaintiff relating to his criminal case of *State v. Christopher L. Harper,* No. 2311-CR01903-01 (11th Jud. Cir. 2023).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of all proceedings related to *State v. Christopher L. Harper,* No. 2311-CR01903-01 (11th Jud. Cir. 2023). After such final disposition, Plaintiff may file a motion to reopen this case.

Dated this 26th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE